IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHELLE COLLIER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 03-1144-SLR |
| ) | Consolidated |
| TARGET STORES CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM ORDER**

At Wilmington this 23d day of March, 2006, having considered plaintiff's motion for attorneys' fees and costs and the papers submitted in connection therewith;

IT IS ORDERED that plaintiff's motion (D.I. 100) is granted for the reasons that follow:

1. On April 27, 2005, the jury returned a verdict in plaintiff's favor on her Family and Medical Leave Act ("FMLA") claim in the amount of $7,266.[1]  (D.I. 94)  Judgment was entered in favor of plaintiff and against defendant on May 3, 2005.  (D.I. 98)  Plaintiff moved for attorneys' fees and costs pursuant to 29 U.S.C. § 2617(a)(3).  (D.I. 100)  In support of her application for attorneys' fees, plaintiff submitted:  (1) an itemized billing record for the litigation; (2) affidavits from Mr. Fletcher and Mr. Primos; (3) affidavits from two employment

---

[1] Plaintiff's demand was for $70,000.  (D.I. 100)

law practioners; and (4) comparable billing records. (D.I. 100, exs. A-E; D.I. 108)) Defendant filed opposition and a supporting affidavit of defense counsel.[2] (D.I. 104, ex. 1) Plaintiff filed a reply with additional documentation and affidavits. (D.I. 108, ex. A-E))

    2.    The FMLA mandates the award of reasonable attorneys' fees in cases where a violation of the FMLA is found. 29 U.S.C. § 2617(a)(3). To determine reasonable attorneys' fees, the court first calculates the "lodestar" amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). A "reasonable" hourly rate should reflect the "market rate" for the lawyer's services. Id.; People Who Care v. Rockford Bd. of Educ. Sch. Dist. No. 205, 90 F.3d 1307, 1310 (7th Cir. 1996). The market rate is the rate that attorneys of similar ability and experience in the community usually charge their paying clients for the type of work in question. People Who Care, 90 F.3d at

---

[2] The affidavit of Abbey G. Hairston, Esquire, Target's national employment counsel, states she charged defendant a "discounted hourly rate of three hundred seventy-five dollars ($375) per hour for [her] services. In 2005, this hourly rate was increased to $395." Ms. Hairston's standard hourly rate in 2004 was $415 and is currently $440, "which is commensurate with the D.C. legal community's rate for an attorney with [her] years of experience and success as a trial attorney." (D.I. 104, ex. 1) Local counsel hired to assist Ms. Hairston was paid $200 per hour. (Id.)

2

1310; Spegon v Catholic Bishop of Chicago, 175 F.3d 544, 555 (7th Cir. 1999); Missouri v. Jenkins, 491 U.S. 274 (1989).

3. Plaintiff seeks attorneys' fees in the amount of $72,137, which breaks down as follows: (1) 86.8 hours of work by William D. Fletcher, Jr., Esquire at the rate of $250 per hour ($21,700); (2) 183.8 hours of work by Noel E. Primos, Esquire at the rate of $250 per hour ($45,950); and (3) 64.1 hours of work performed by a paralegal at the rate of $70 per hour ($4,487). (D.I. 100, ex. A) Both attorneys represent plaintiff on a contingency fee basis and have not received payment for their services. Although Fletcher's and Primos' rate did not increase to $250 per hour until after plaintiff had retained their services in August 2002, plaintiff argues that the use of $250 per hour is appropriate as a delay enhancer.[3] Missouri v. Jenkings, 491 U.S. at 283-284.

4. To establish that the rates are reasonable market rates, plaintiff submits affidavits from two local attorneys who

---

[3]Mr. Fletcher, a partner in the law firm of Schmittinger & Rodriguez, has been practicing in Delaware since 1975 and is an experienced employment law attorney. His hourly rate increased in November 2002 and Primos' in May 2003. (D.I. 100, ex. B) Also a partner in the Schmittinger & Rodriguez law firm, Mr. Primos is an experienced employment law attorney, practicing in Delaware since 1992. (Id., ex. C) His hourly rate increased in May, 2003.

3

aver that the rates charged are reasonable and within the range of prevailing rates in the area.[4]

5. Although plaintiff was successful on the FMLA claim, she did not prevail on the Americans with Disabilities Act allegations nor on the state law claims based on breach of the implied covenant of good faith and fair dealing and for slander. "Where the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee." Hensley, 461 U.S. at 440. Where the claims involve a common core of facts and related legal theories, however, the attorney can recover for time employed to the litigation as a whole because it would be "difficult to divide the hours expended on a claim-by-claim basis." Id.

6. Because of the jury's mixed verdict, plaintiff's attorneys have deleted and reduced time records where necessary to avoid duplication and excessive paralegal hours or to account for time spent on unsuccessful claims. (D.I. 100, ex. A) The court finds that the remaining entries involve a common set of facts from which plaintiff can seek recovery of fees.

7. Considering this record in light of the preceding

---

[4]The hourly rate for Barbara H. Stratton, Esquire is $290. per hour. (D.I. 100, ex. D) The hourly rate for David H. Williams, Esquire is $330 per hour and the paralegal rate at his firm is $100 to $125 per hour. (Id., ex. E)

4

authority, the court concludes that the lodestar in this case is:

```
William D. Fletcher, Jr.  $250/hour *  86.8 hours = $21,700
Noel E. Primos            $250/hour * 183.8 hours = $45,950
Paralegals                 $70/hour *  64.1 hours = $ 4,487
```
_____

                                        Lodestar = $72,137


                         _____
                             United States District Judge

5